```
          UNITED STATES DISTRICT COURT
        SOUTHERN DISTRICT OF WEST VIRGINIA
                  AT CHARLESTON
```

**UNITED STATES OF AMERICA**

v.                              CRIMINAL ACTION NO. 2:99-00024-04

**BRIAN STEPP**


### SUPERVISED RELEASE REVOCATION AND JUDGMENT ORDER
### MEMORANDUM OPINION AND ORDER

On April 22, 2016, the United States of America appeared by Timothy D. Boggess, Assistant United States Attorney, and the defendant, Brian Stepp, appeared in person and by his counsel, Brian D. Yost, for a hearing on the petition on supervised release and amendment thereto submitted by United States Probation Officer Douglas W. Smith.  The defendant commenced a fifty-six month term of supervised release in this action on November 3, 2015, as more fully set forth in the Supervised Release Revocation and Judgment Order entered by the court on August 4, 2015.

The court heard the evidence, the admissions of the defendant and the representations and argument of counsel.

**For reasons noted on the record of this proceeding, which are ORDERED incorporated herein by reference, the court found that the defendant has violated the conditions of supervised release in the following respects: (1) the defendant used and possessed amphetamine and methamphetamine as evidenced by a positive urine specimen submitted by him on January 5, 2016, and the defendant's admission to the probation officer on January 14, 2016, that he had used methamphetamine daily from December 28, 2015, until he entered the Dismas Charities program on January 5, 2016, as well as his subsequent admission to the probation officer on March 9, 2016, that he began using methamphetamine after he left the halfway house on January 29, 2016, with the last use being on or about February 21, 2016, as admitted by the defendant on the record of the hearing; (2) the defendant failed to abide by the special condition that he spend one hundred eighty days at Dismas Charities inasmuch as he entered the program on January 5, 2016, and on January 29, 2016, absconded the program by leaving the facility without permission and failing to return, rendering his whereabouts unknown until February 5, 2016, as admitted by the defendant on the record of the hearing; and (3) that the defendant, on February 23, 2016, admitted to Cpl. Lester at the time of his arrest that he had**

used marijuana during the previous 24 hours, which admission was consistent with the findings of the standardized sobriety tests administered by Cpl. Lester, the court having found by a preponderance of the evidence as more fully set forth on the record of the hearing that the defendant did make that admission; all as set forth in the petition on supervised release and amendment thereto.

And the court finding, as more fully set forth on the record of the hearing, that the violations warrant revocation of supervised release and, further, that it would unduly depreciate the seriousness of the violations if supervised release were not revoked, it is ORDERED that the supervised release previously imposed upon the defendant in this action be, and it hereby is, revoked.

And the court having complied with the requirements of Rule 32(a)(1)(B) and (C) of the Federal Rules of Criminal Procedure, and finding, after considering the factors set forth in 18 U.S.C. § 3583(e), that the defendant should be confined to the extent set forth below, it is accordingly ORDERED that the defendant be, and he hereby is, committed to the custody of the United States Bureau of Prisons for imprisonment for a period of

**FIVE (5) MONTHS, to be followed by a term of fifty-one (51) months of supervised release upon the standard conditions of supervised release now in effect in this district by order entered June 22, 2007, and the further condition that the defendant not commit another federal, state or local crime and the special condition that the defendant engage himself in the nine to twelve month residential drug treatment program at Recovery Point in Huntington, West Virginia, or its equivalent, and shall follow the rules and regulations of the facility.  If feasible, the defendant shall be transported from his place of incarceration directly to the Recovery Point program, or its equivalent, upon his release from imprisonment.**

   The defendant was remanded to the custody of the United States Marshal.

   The Clerk is directed to forward copies of this written opinion and order to the defendant, all counsel of record, the United States Probation Department, and the United States Marshal.

                              DATED:  May 9, 2016

                              _____
                              John T. Copenhaver, Jr.
                              United States District Judge